**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE
Nevada Bar No. 7889
CARISSA CHRISTENSEN
Nevada Bar No. 14692
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
mroose@rlattorneys.com
cchristensen@rlattorneys.com
Telephone/Facsimile: (702) 997-3800
*Attorneys for Defendant*
*7-ELEVEN, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH PIKE, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN OF NEVADA, INC., a Foreign Corporation, *d/b/a* 7-ELEVEN STORE #34000; 7-ELEVEN, INC., a Foreign Corporation, *d/b/a* 7-ELEVEN STORE #34000; DOES I through X, inclusive; and ROE BUSTNESS ENTITIES XI through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-01485-JAD-BNW<br><br>**STIPULATION AND ORDER FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND AMEND CAPTION** |

IT IS HEREBY STIPULATED by Plaintiff, ELIZABETH PIKE, by and through her attorney of record, Whitney J. Barrett, Esq. of the law firm of Christiansen Law Office and Defendant, 7-ELEVEN, INC., by and through its attorneys of record, Melissa J. Roose, Esq. and Carissa Christensen, Esq., of the law firm of Resnick & Louis, P.C., that Defendant, 7-ELEVEN, INC., will be allowed leave pursuant to FRCP 14(a)(1) to file its Third-Party Complaint against CORE-MARK INTERNATIONAL, INC.

The parties further stipulate to amend the caption to remove Defendant, 7-ELEVEN OF NEVADA, INC. *d/b/a* 7-ELEVEN STORE #34000, as it was previously dismissed from this suit

1

on August 7, 2019.  A proposed copy of the Third-Party Complaint with the correct amended caption is attached hereto as Exhibit A.

Dated this 2nd day of January, 2020

**RESNICK & LOUIS, P.C.**

*/s/ Carissa Christensen*
Melissa J. Roose, Esq.
Nevada Bar No. 7889
Carissa Christensen, Esq.
Nevada Bar No. 14692
8925 West Russell Rd., Suite 220
Las Vegas, NV 89148
*Attorneys for Defendant 7-Eleven, Inc.*

Dated this 2nd day of January, 2020

**CHRISTIANSEN LAW OFFICE**

*/s/ Whitney J. Barrett*
Whitney J. Barrett, Esq.
Nevada Bar No. 13662
810 South Casino Center Blvd., Suite 104
Las Vegas, NV 89101
*Attorneys for Plaintiff*
*Elizabeth Pike*

## ORDER

**IT IS HEREBY ORDERED** that, pursuant to the parties' Stipulation, leave to file the Third-Party Complaint against CORE-MARK INTERNATIONAL, INC. is GRANTED.

**IT IS FURTHER ORDERED** that the caption be amended to remove Defendant, 7-ELEVEN OF NEVADA, INC., a Foreign Corporation, *d/b/a* 7-ELEVEN STORE #34000 and to add CORE-MARK INTERNATIONAL, INC. as Third-Party Defendant.

DATED 1/3/2020

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

**RESNICK & LOUIS, P.C.**

*/s/ Carissa Christensen*
Melissa J. Roose, Esq.
Nevada Bar No. 7889
Carissa Christensen, Esq.
Nevada Bar No. 14692
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
*Attorneys for Defendant 7-ELEVEN, INC.*

**EXHIBIT "A"**

**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE
Nevada Bar No. 7889
CARISSA CHRISTENSEN
Nevada Bar No. 14692
8925 West Russell Road, Suite 220
Las Vegas, NV  89148
mroose@rlattorneys.com
cchristensen@rlattorneys.com
Telephone/Facsimile: (702) 997-3800
*Attorneys for Defendant*
*7-ELEVEN, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH PIKE, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC., a Foreign Corporation, *d/b/a* 7-ELEVEN STORE #34000; DOES I through X, inclusive; and ROE BUSTNESS ENTITIES XI through XX, inclusive,<br><br>Defendants. | CASE NO.:  2:19-cv-01485-JAD-BNW<br><br>**7-ELEVEN, INC.'S THIRD-PARTY COMPLAINT** |
| 7-ELEVEN, INC., a Foreign Corporation, *d/b/a* 7-ELEVEN STORE #34000,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>CORE-MARK INTERNATIONAL, INC., a Foreign Corporation,<br><br>Third-Party Defendant. | |

///

1

Third-Party Plaintiff, 7-ELEVEN, INC., by and through its attorneys of record, Melissa J. Roose, Esq. and Carissa Christensen, Esq., of the law firm of Resnick & Louis, P.C., complains against Third-Party Defendant, CORE-MARK INTERNATIONAL, INC., as follows:

1. Third-Party Plaintiff, 7-ELEVEN, INC., is, and was at all times relevant to these proceedings, a Foreign Corporation authorized to do business in Clark County, State of Nevada.

2. Upon information and belief, Third-Party Defendant, CORE-MARK INTERNATIONAL, INC., is, and was at all times relevant to these proceedings, a Foreign Corporation authorized to do and doing business in Clark County, State of Nevada.

3. Plaintiff, ELIZABETH PIKE, is a Nevada citizen who filed a Complaint in the Eighth Judicial District Court on or about June 10, 2019 naming 7-ELEVEN, INC. as Defendant.

4. Plaintiff's Complaint alleges that on or about June 15, 2017 while at the 7-Eleven Store #34000 located at 9775 W. Russell Road, Las Vegas, Nevada 89148, Plaintiff tripped and fell over a rolled-up mat that encroached into the walkway which created a hazardous and dangerous condition and risk of harm.

5. Plaintiff's Complaint asserts causes of action for Negligence- Premises Liability and Negligent Hiring, Training, Retention, and Supervision against 7-ELEVEN, INC.

6. Third-Party Plaintiff is informed and believes, and therefore alleges that liability, if any, as relates to Plaintiff's causes of action, alleged injuries and damages arise from, relate to and/or were caused by the acts and/or omissions of Third-Party Defendant, its employees, and/or its agents, not 7-ELEVEN, INC.

7. Specifically, on or about June 15, 2017, Third-Party Plaintiff is informed and believes that Third-Party Defendant, its employees, and/or its agents, not 7-ELEVEN, INC., caused and or created the alleged hazardous and dangerous condition of a rolled-up mat in the walkway as contended by Plaintiff.

2

8. On or about September 29, 2015, Third-Party Plaintiff and Third-Party Defendant entered into a confidential Recommended Wholesaler Agreement ("Agreement"), incorporated herein by reference, whereby Third-Party Defendant agreed to indemnify, defend, and hold harmless Third-Party Plaintiff from any and all claims and damages arising from, relating to, or associated with damages under the Agreement relating to or resulting from Third-Party Defendant's or its employees' or agents' negligence, gross negligence or willful misconduct.

9. Third-Party Plaintiff has failed to perform its contractual obligations pursuant to the Agreement thereby causing injury and damage to Third-Party Plaintiff as alleged herein.

10. Plaintiff's underlying action was removed to this United States District Court for the District of Nevada on August 26, 2019.

11. This Court has original subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) over the underlying action from which the instant Third-Party Complaint arises from. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as specified in 28 U.S.C. §1332(a).

12. This Court has supplemental jurisdiction over the instant Third-Party Complaint pursuant to 28 U.S.C. §1367(a), in that the claims of the instant Third-Party Complaint are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

13. This Court has diversity jurisdiction of the instant Third-Party Complaint pursuant to 28 U.S.C. §1332(a). Plaintiff is a citizen of Nevada. Third-Party Plaintiff is incorporated under the laws of Delaware with its principal place of business in Texas. Upon information and belief, Third-Party Defendant is incorporated under the laws of Delaware with its with its principal place of business in Texas. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as specified in 28 U.S.C. §1332(a).

14. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because the alleged acts arising under the claims asserted by Plaintiff are alleged to have occurred in this Judicial District.

**FIRST CAUSE OF ACTION**
**(Express Indemnity)**

15. Third-Party Plaintiff realleges and reincorporates paragraphs 1 through 14 of the preceding paragraphs and incorporate the same herein by reference as though fully set forth herein.

16. Pursuant to the confidential terms of the Agreement entered into by and between Third-Party Plaintiff and Third-Party Defendant, Third-Party Defendant is contractually obligated to defend, indemnify, and/or hold harmless Third-Party Plaintiff from any and all claims arising out of, relating to or associated with Third-Party Defendant's or its employees' or agents' negligence, gross negligence, or willful misconduct.

17. Third-Party Plaintiff is informed and believes, and therefore alleges, that any damages alleged by Plaintiff, if found to exist, were caused by Third-Party Defendant arising out of and in connection with the performance of its contract with Third-Party Plaintiff.

18. Third-Party Plaintiff is informed and believes, and therefore alleges, that any and all damages claimed by Plaintiff as a result of the hazardous and dangerous condition and risk of harm asserted in the above-mentioned Complaint arise from, relate to, or are associated with the negligent, grossly negligent and/or willful misconduct of Third-Party Defendant, its employees, and/or its agents.

19. Third-Party Defendant is responsible for any and all liability that Third-Party Plaintiff may incur as a result of Plaintiff's Complaint pursuant to the express language of the Agreement.

4

20. Third-Party Plaintiff is informed and believes, and therefore alleges, that if Third-Party Plaintiff suffers damages as a result of the incident and occurrences alleged in Plaintiff's Complaint, Third-Party Plaintiff will be entitled to complete indemnity from Third-Party Defendant for the full amount of any such damages.

21. Third-Party Plaintiff has found it necessary to retain the services of an attorney in order to prosecute this action and is entitled to attorney's fees and costs of suit incurred herein.

**SECOND CAUSE OF ACTION**
**(Equitable Indemnity)**

22. Third-Party Plaintiff realleges and reincorporates paragraphs 1 through 21 of the preceding paragraphs and incorporate the same herein by reference as though fully set forth herein.

23. Third-Party Plaintiff is informed and believes, and therefore alleges, that Third-Party Defendant entered into written, oral, and/or implied indemnity agreements with Third-Party Plaintiff.

24. By reason of the foregoing, while denying the allegations of Plaintiff's Complaint, Third-Party Plaintiff alleges that if Plaintiffs allegations are found to be true, then such liability was caused by the acts and/or omissions of Third-Party Defendant or its employees or agents.

25. By reason of the foregoing, if Plaintiff recovers against Third-Party Plaintiff, then Third-Party Plaintiff is entitled to implied indemnity from Third-Party Defendant for injuries and damages sustained by Third-Party Plaintiff, if any, and for any sums paid by way of settlement, or in the alternative, judgment rendered against Third-Party Plaintiff in this action.

26. Third-Party Plaintiff has found it necessary to retain the services of an attorney in order to prosecute this action and is entitled to attorney's fees and costs of suit incurred herein.

5

### THIRD CAUSE OF ACTION
### (Contribution)

27. Third-Party Plaintiff realleges and reincorporates paragraphs 1 through 26 of the preceding paragraphs and incorporate the same herein by reference as though fully set forth herein.

28. By reason of the allegations made by Plaintiff herein, Third-Party Plaintiff will be damaged to the extent it must pay any sum, or any sum in excess of a proportionate amount of its liability, if any, in this action.

29. Third-Party Plaintiff alleges that in the event it is found liable to Plaintiff or any other party for damages or if payment is made by Third-Party Plaintiff to Plaintiff or any other party as a result of the incident described and/or arising in the Complaint, then Third-Party Plaintiff is entitled to contribution from Third-Party Defendant, for any damages awarded against Third-Party Plaintiff in this action.

30. Third-Party Plaintiff has found it necessary to retain the services of an attorney in order to prosecute this action and is entitled to attorney's fees and costs of suit incurred herein.

### FOURTH CAUSE OF ACTION
### (Breach of Contract)

31. Third-Party Plaintiff realleges and reincorporates paragraphs 1 through 30 of the preceding paragraphs and incorporate the same herein by reference as though fully set forth herein.

32. Third-Party Plaintiff is informed and believes, and therefore alleges, that on or about September 29, 2015, Third-Party Plaintiff and Third-Party Defendant entered into an Agreement whereby Third-Party Defendant agreed to indemnify, defend, and hold harmless Third-Party Plaintiff from any and all claims and damages arising from, relating to, or associated

with damages under the Agreement relating to or resulting from Third-Party Defendant's or its employees' or agents' negligence, gross negligence or willful misconduct.

33. Third-Party Plaintiff has fully performed all conditions, covenants, and promises required by it to be performed in accordance with the terms and conditions of said Agreement.

34. Third-Party Plaintiff is informed and believes, and therefore alleges, that Third-Party Defendant has breached said Agreement by failing to perform its obligated duty to defend, indemnify, and/or hold harmless Third-Party Plaintiff from any and all claims arising out of, relating to or associated with Third-Party Defendant's or its employees' or agents' negligence, gross negligence, or willful misconduct as set forth in the various written, oral, and/or implied agreements.

35. As a direct and proximate result of the breach of contract by Third-Party Defendant, Third-Party Plaintiff has been damaged in a sum which is currently unascertainable. Third-Party Plaintiff will seek leave of court to amend this Third-Party Complaint when such sum can be reasonably ascertained.

36. Third-Party Plaintiff has found it necessary to retain the services of an attorney in order to prosecute this action and is entitled to attorney's fees and costs of suit incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff prays for judgment against Third-Party Defendant as follows:

1. Should judgment be rendered against Third-Party Plaintiff, then it is entitled to indemnity from Third-Party Defendant;

2. Should judgment be rendered against Third-Party Plaintiff, then it is entitled to contribution from Third-Party Defendant;

3. For an apportionment of liability;

4.   For general and special damages in excess of $75,000;

5.   For interest at the maximum rate allowed by law;

6.   For attorney's fees and costs of suit incurred here in; and

7.   For other and further relief as the court deems just and proper.

DATED this _____ day of _____, 2020.

**RESNICK & LOUIS, P.C.**

Melissa J. Roose, Esq.
Nevada Bar No. 7889
Carissa Christensen, Esq.
Nevada Bar No. 14692
8925 West Russell Road, Suite 220
Las Vegas, NV  89148
*Attorneys for Defendant 7-ELEVEN, INC.*