**JORGE A. RAMIREZ**
Nevada Bar No. 6787
**ELLEN S. BOWMAN**
Nevada Bar No.: 12118
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
(702) 727-1400; FAX (702) 727-1401
Jorge.Ramirez@wilsonelser.com
Ellen.Bowman@wilsonelser.com
*Attorneys for Defendant 7-Eleven, Inc.*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH PIKE, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN OF NEVADA, INC., a Foreign Corporation, d/b/a 7-ELEVEN STORE #34000; 7-ELEVEN, INC., a Foreign Corporation, d/b/a 7-ELEVEN STORE #34000; DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01485-JAD-BNW<br><br>**STIPULATION AND ORDER FOR EXTENSION OF DISCOVERY DEADLINES**<br>**(Third Request)** |

The above named parties, by and through their respective counsel of record, hereby submit the following STIPULATION AND ORDER FOR EXTENSION OF DISCOVERY DEADLINES (Third Request).

**A.   DISCOVERY COMPLETED TO DATE**

This matter involves a trip and fall on June 15, 2017, at a 7-Eleven Store #34000 located at 9775 W. Russell Road, Las Vegas, Nevada 89148. On September 23, 2019, the parties held an initial Rule 26(f) Conference. On October 23, 2019, the Court entered a Stipulated Discovery Plan/Scheduling Order. Defendant served its initial disclosure of witnesses and documents on October 8, 2019. Defendant also served supplemental disclosure of witnesses and documents on

1685268v.1

November 7, 2019, January 30, 2020 and February 26, 2020. Plaintiff served her initial disclosure of witnesses and documents on October 7, 2019.

On November 11, 2019, Defendant propounded a First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admissions upon Plaintiff. Plaintiff served her responses to those written discovery requests on December 11, 2019.

Defendant requested Plaintiff's medical records and films directly from her medical providers through records authorizations provided by Plaintiff. Defendant received some of the requested records and films.

Plaintiff's deposition was taken on August 25, 2020.

On October 26, 2020, Defendant motioned the Court to extend the close of discovery. This Motion was granted.

On July 31, 2020, Plaintiff then served written discovery on the Defendant to Defense Counsel's address on 4th Street. Plaintiff later learned that Wilson Elser's mailing address that had recently changed in May 2020 although Plaintiff did not receive the discovery requests "return to sender" which may not be surprising given the pandemic (Plaintiff's Counsel's office having to quarantine at various times and office staff transitioning to working remotely and issues with United States Postal Service. During a phone call with counsel in advance of a FRCP 30(b)(6) deposition in October, Plaintiff's Counsel informed Defense Counsel of the lack of responses and Plaintiff emailed the discovery to defense counsel. Counsel later notified Plaintiff of the issue concerning the mailing address and that written discovery was directed to "7-ELEVEN OF NEVADA, INC" instead of "7-ELEVEN, INC." The entity "7-ELEVEN OF NEVADA" was named in the suit but was dismissed and since then, all parties have inadvertently identified "7-ELEVEN OF NEVADA, INC." in various documents (including in Plaintiff's Deposition Notice). Plaintiff is informed and believes that Defendant is working on written discovery responses which are expected shortly.

On December 16, 2020, Defendant served its Sixth Supplement Pursuant to FRCP 26(a)(1) and identified additional witnesses and documents which disclosed employees working at the store at the time of the incident who witnessed the incident or have knowledge of the circumstances

relevant to the incident for the first time. Prior to this Supplement, the only witness connected to the store was identified by Defendant as a "Person Most Knowledgeable." While preparing for the deposition after the holidays, Plaintiff reviewed the disclosure and brought it to the attention of counsel which lead to the instant stipulation. Plaintiff wants to depose some of the recently disclosed witnesses as it may impact liability on this case. Moreover, since October the Parties have been engaging in substantive settlement discussions (which remain ongoing).

### B.  DISCOVERY THAT REMAINS TO BE COMPLETED

Plaintiff would like to take the deposition of 7-Eleven and some of the 7-Eleven employee witnesses identified by Defendant in its December 16, 2020 FRCP 26 (a)(1) Supplement.

Defendant would like to take the depositions of some of Plaintiff's medical providers. Both parties would like to take the depositions of the respective expert witnesses after the additional witness depositions are taken.

### C.  REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED

Defendant's recent disclosure has identified several new witnesses who are or were employed by Defendant some of whom appear to be outside the State of Nevada. Plaintiff believes these witnesses are relevant to liability issues or at minimum, are eyewitnesses to the incident. Also, Plaintiff wants to take the deposition of Defendant's corporate representative that was vacated from December, 2020 to allow for time for Defendant to answer written discovery (the issues which are discussed above). As noted above, the deposition was vacated because Defendant is in the process of responding to written discovery and it was in the process of gathering records that may have significantly impacted the deposition testimony. Defendant was able to supplement their FRCP disclosure in December and will be able to respond to the written discovery in January 2021. Upon doing so, Plaintiff will re-notice Defendant's corporate representative's deposition and other employee witnesses once written discovery is in hand.

As such, all parties have agreed to extend all deadlines by ninety (90) days. The parties believe they can complete the remaining discovery within this timeframe now that all witnesses have been identified and the issues concerning mail, change of address and correctly identifying the

specific defendant from whom discovery is sought have been resolved. Accordingly, the parties request a ninety (90) day extension to the current discovery.

### D. CURRENT DISCOVERY SCHEDULE

| | |
|---|---|
| Close of Discovery: | January 18, 2021 |
| Dispositive Motions: | February 15, 2021 |
| Joint Pre-Trial Order: | March 15, 2021 |

### E. PROPOSED DISCOVERY SCHEDULE

| | |
|---|---|
| Close of Discovery: | Monday, April 18, 2021 |
| Dispositive Motions: | Monday, May 17, 2021 |
| Joint Pre-Trial Order: | Monday, June 14, 2021 |

Dated this 12th day of January, 2021.                              Dated this 12th day of January, 2021.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ JORGE A. RAMIREZ
JORGE A. RAMIREZ, ESQ.
Nevada Bar No. 6787
ELLEN S. BOWMAN, ESQ.
Nevada Bar No.: 12118
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant 7-Eleven of Nevada, Inc.*

**CHRISTIANSEN LAW OFFICES**

By: /s/ R. TODD TERRY
PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
R. TODD TERRY, ESQ.
Nevada Bar No.: 6519
WHITNEY J. BARRETT, ESQ.
Nevada Bar No.: 13662
810 South Casino Center Blvd.
Suite 104
Las Vegas, NV 89101

### ORDER

IT IS ORDERED that the parties' stipulation is GRANTED. However, the Court also orders that all necessary depositions take place within 45 days. Further, the Court instructs the parties that it is not inclined to grant any other discovery extensions absent extraordinary circumstances establishing good cause.

**IT IS SO ORDERED**

**DATED:** 1:02 pm, January 15, 2021

**BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE**

**Lamper, Pamela M.**

| | |
|---|---|
| **From:** | Bowman, Ellen S. |
| **Sent:** | Tuesday, January 12, 2021 8:36 AM |
| **To:** | Lamper, Pamela M. |
| **Cc:** | Ramirez, Jorge |
| **Subject:** | FW: Pike SAO |

Pam- I am guessing you will be picking up the task request I just sent. Here is the email authorizing the use of OC's signature.

Thank you.

Ellen S. Bowman
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
702.727.1397 (Direct)
702.727.1400 (Main)
702.727.1401 (Fax)
ellen.bowman@wilsonelser.com


**From:** Todd Terry [mailto:tterry@christiansenlaw.com]
**Sent:** Monday, January 11, 2021 5:32 PM
**To:** Ramirez, Jorge <Jorge.Ramirez@wilsonelser.com>
**Cc:** Bowman, Ellen S. <Ellen.Bowman@wilsonelser.com>
**Subject:** Re: Pike SAO


**[EXTERNAL EMAIL]**

==Yes you have my authorization.==

R. Todd Terry, Esq.
Christiansen Law Offices
810 South Casino Center Blvd., Ste. 104
Las Vegas, Nevada 89101
702-240-7979

On Jan 11, 2021, at 5:09 PM, Ramirez, Jorge <Jorge.Ramirez@wilsonelser.com> wrote:


Todd,

The revisions look good to me. Do you give permission to have your name affixed for filing? If so, we will file it with the court tomorrow morning.

Thanks,

Jorge

1